JANA B. LEONARD, OBA# 17844
SHANNON HAUPT, OBA # 18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. Walker
Oklahoma City, Oklahoma 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| Katy Rodriguez, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Target Corporation,<br><br>Defendant. | No. CV-12-874-JGZ<br><br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

Plaintiff, pursuant to Fed.R.Civ.P. 37(a)(1) and (3)(B), moves this Court for an Order compelling Defendant to provide full and adequate responses to Plaintiff's discovery requests. This motion is supported by the Memorandum of Points and Authorities set out below; the Certificate of Good Faith Inability to Resolve Discovery Dispute attached hereto as *Exhibit 1*; and the Designation of Specific Requests, Responses and Deficiencies attached hereto as *Exhibit 2*.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Plaintiff filed this suit as an individual and representative action based on claims that she and others similarly situated were subject to age discrimination in their employment with Defendant. [Doc. No. 1]. Particularly, Plaintiff has alleged that she, like many other long-term employees over age forty, fell victim to Defendant's strategic plan to employ younger individuals mirroring the younger customer base Defendant hoped to attract. [Doc. No. 1]. As a means of achieving its desired end, Defendant devised an elaborate scheme to purge older employees from its workforce and replace them with "new, young, fresh blood." *See*

[Doc. No. 41, Ex. 4, Rojas Tr., 66:25-67:21].

With this strategic plan in place, Plaintiff, like so many others, suddenly began being written up, given poor performance reviews and ultimately forced out. Plaintiff was a long-term employee, over age forty, who was regularly recognized as a satisfactory or better employee. [Doc. No. 1]. Despite this, Plaintiff suddenly began being written up, given lower performance review scores and ultimately forced out of her employment with Defendant after 25 years. *Id.* This was so despite the fact that Plaintiff had consistently received satisfactory or better performance evaluations for years. *Id.*

Based in part on the foregoing, Plaintiff filed a motion for collective action certification consistent with the Scheduling Order entered in this matter. [Doc. No. 41]. At the same time, Plaintiff continues to gather evidence, via former employees' affidavits and otherwise, showing substantial allegations exist to establish that "the putative class members were together the victims of a single decision, policy, or plan" of age discrimination.[1] *Id.* To aid in this process, as well as gathering evidence relative to Plaintiff's individual claim of age discrimination, Plaintiff issued written discovery to Defendant on April 16, 2013. [Doc. No. 20]. After entering a joint stipulation for extension of time [Doc. No. 21], Defendant responded to Plaintiff's discovery requests on June 3, 2013. [Doc. No. 32]. However, to date, Defendant has yet to produce all the information and materials requested by Plaintiff. Hence, Plaintiff requests the Court's assistance in this matter.

## II. History of Discovery Dispute

Plaintiff's discovery requests seek (*inter alia*) information related to other lawsuits and complaints of age discrimination. Plaintiff also seeks identification of other potential witnesses, including individuals who shared the same supervisors as Plaintiff, as well as

---

[1] *Brewer v. General Nutrition Centers*, 2013 WL 100195, *2 (N.D.Cal. 2013) (quoting *Yaszlavik v. Storage Technology Corp.*, 175 F.R.D. 672, 678 (D.Colo.1997); *Misra v. Decision One Mortg. Co., LLC*, 673 F.Supp.2d 987, 995 (C.D.Cal.2008) (burden is to make "substantial allegations" and a "modest factual showing" that plaintiff and the putative class are "victims of a common policy or plan that violated the law.").

information about the treatment of other similarly situated individuals. In response, Defendant has refused to provide Plaintiff with much of the information and materials requested, standing on unsound objections.

In a good faith effort to resolve the aforementioned discovery disputes, the parties held a L.Cv.R. 37.1 conference relating to Defendant's responses to Plaintiff's opening discovery requests on or about July 5, 2013. Since that time, Defendant produced supplemental discovery responses on July 27, 2013 and August 1, 2013. However, said responses provide little additional information. Hence, Plaintiff requests the Court order Defendant to provide the information and materials sought herein.

## III. Argument

### A. Discovery is Broad In Nature

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the subject matter of the action. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). A request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the subject matter of the action. *Id*. When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997)

*Schultz v. Olympic Medical Center*, 2008 WL 3977523, *4 (W.D. Wash. Aug. 22, 2008).

While "[t]he purpose of discovery is to narrow issues" and "eliminate surprise," *Agyeman v. Bohl*, 2008 WL 4104313, *1 (E.D. Cal Sept. 3, 2008), in age discrimination cases, the need for broad discovery is especially pronounced because of the difficulty in proving pretext and intent:

> Age discrimination may be subtle and even unconscious. Even an employer who knowingly discriminates on the basis of age may leave no written records revealing the forbidden motive and may communicate it orally to no one. When evidence is in existence, it is likely to be under the control of the employer, and the plaintiff may not succeed in turning it up.

*LaMontagne v. American Convenience Prods., Inc.,* 750 F.2d 1405, 1410 (7th Cir.1984). *See also Heyne v. Caruso*, 69 F.3d 1475, 1480-81 (9th Cir. 1995); *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 436 (6th Cir. 2002) ("[D]iscrimination … is often subtle." "[A]n employer who knowingly discriminates … may leave no written records revealing the forbidden motive and may communicate it orally to no one."); *Brooks v. Woodline Motor Freight, Inc.*, 852 F.2d 1061, 1064 (8th Cir. 1988); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1071 (3rd Cir. 1996). As the Supreme Court has noted, "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes." *United Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711 (1983). And, "[b]ecause an employer will rarely admit [discriminatory] motives in firing an employee, [discriminatory] discharge cases generally must be proven by circumstantial rather than direct evidence." *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir.1998). *See also Hospital Cristo Redentor, Inc. v. N.L.R.B.*, 488 F.3d 513, 518 (1st Cir. 2007); *Rutenschoroer v. Starr Seigle Communications, Inc.*, 484 F.Supp.2d 1144, 1151 (D.Hawaii 2006) ("As it is rare that direct evidence of discrimination exists, a plaintiff generally relies on circumstantial evidence to satisfy its burden[.]").

For this reason, "discovery in discrimination cases should not be narrowly circumscribed [and] an employer's general practices are relevant even when plaintiff is asserting an individual claim for disparate treatment." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.1995). *See also Schultz*, 2008 WL 3977523, at *5 ("The Court also recognizes that the scope of discovery is particularly broad in employment discrimination cases."). Indeed, this broad commitment to discovery has been mandated by the Supreme Court in discrimination actions. *See EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984) ("Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer.").

Defendant's discovery responses at issue are contrary to the policy of the discovery rule and are obstructive to the progress of this case. Therefore, Plaintiff requests this Court compel the disclosure of the information and materials set out below.

**B. Identification and Contact Information for Potential Witnesses.**

Plaintiff filed this case as an individual and representative action. As such, Plaintiff sought through a number of her discovery requests (i.e., Interrogatory Nos. 4-6, 8-10, 13, 14 and 17, as well as Request for Production Nos. 9-11 and 23) the identity, contact and other information for individuals working in the same Store, District, Group and Region as Plaintiff. Plaintiff requested this information for two primary reasons: (1) to facilitate the identification of potential witnesses and/or comparators; and (2) to determine the composition of Defendant's workforce. The requested information will assist Plaintiff in finding other individuals who may have knowledge concerning the manner in which Plaintiff was treated under her theory of a pattern or practice of age discrimination or who may have general knowledge about the case or Defendant's treatment of similarly situated individuals. Production of this information would provide Plaintiff with an inexpensive and efficient manner by which Plaintiff can develop her individual and representative claims, as opposed to the increased expense of numerous depositions to uncover similar information. It will also assist Plaintiff in focusing the scope of relevant witnesses without having to rely on Defendant's version of the same.

The subject requests seek identification and other information regarding individuals who worked in the same geographic area and chain of command as Plaintiff. Such information is critical to Plaintiff's identification of potential witnesses to Plaintiff's treatment, as well as the establishment of the pattern or practice of age discrimination in which Defendant engaged. As noted above, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Schultz*, 2008 WL 3977523, at *4. This broad right to discovery is based on the principle that litigants have a "right to every man's evidence," *Unived States v. Bryan*, 339 U.S. 323, 331 (1950), and that wide

access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.

Accordingly, "the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). Indeed, under Ninth Circuit law, Defendant "carr[ies] a heavy burden of showing why discovery [should be] denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). And, because the requested information is not in the requesting party's hands, "the burden of showing that the requested discovery is not relevant to the issues in the litigation is clearly on the party resisting discovery." *Spell v. McDaniel*, 591 F.Supp. 1090, 1114-15 (D.C.N.C. 1984).

Here, Defendant has failed to meet its heavy burden. Defendant objected to the subject requests on grounds of relevance, unilaterially limiting the geographic scope of the requests to District 229, and refusing to provide the identity, contact and other information for individuals who worked in the same Group (i.e., 291) and Region (i.e., 200) as Plaintiff. Significantly, though, Defendant requested its purported expert, Paul F. White, Ph.D., to "analyze Target's workforce data" *beyond the District level*, to include "store-level employees in Target's *Region 200 and Group 291*." *Ex. 3, White Report, p. 1.* And, Defendant has identified (and produced declarations from) individuals it intends to call as witnesses on its behalf that were employed outside the geographic and temporal confines imposed by Defendant in response to Plaintiff's discovery requests. *Ex. 4, Defendant's Third Supplemental Rule 26 Disclosures.* Hence, this negates Defendant's claim that the requested information is irrelevant. Defendant should not be allowed to shield itself from discovery of information relating to individuals employed outside the District in which Plaintiff worked, while at the same time using as a sword data, declarations and testimony obtained from and relating to employees working outside the limited geographic scope Defendant has imposed on Plaintiff. Plaintiff must be allowed a level playing field.

Defendant also failed to substantiate its objection based on overbreadth. *See Munoz*

*v. PHH Corp.*, 2013 WL 684388, *5 (E.D. Cal. Feb. 22, 2013) (citing *Global Ampersand, LLC v. Crown Eng'g & Const., Inc.*, 261 F.R.D. 495, 499 (E.D. Cal. 2009) ("The party who resists discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections."). Defendant cannot simply rely on the invocation of the words "over breadth" to establish the same, rather Defendant bears the responsibility of coming forward with specific facts to support its objections. *Id.*

> . . .The objecting party has the burden to substantiate its objections. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir.1984), cert. dismissed, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request. *Employers Commercial Union Insurance Company of America, et al.*, 1993 WE 210012 (D. Kan.1993); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D. Pa.1980). The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

*Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan. 1997).

And, numerous courts have held that the temporal scope of Plaintiff's requests is reasonable. *See Walech v. Target Corp.*, 2012 WL 1068068, *9 (W.D. Wash. March 28, 2012) (finding "7 years is reasonable for the temporal scope.") (citing *Acton v. Target Corp.*, 2009 WL 3380645, *4 (W.D. Wash. Oct. 16, 2009) (allowing 7 year period for disovery); and *Paananen v. Cellco Partnership*, 2009 WL 332727227, *9 (W.D. Wash. Oct. 8, 2009) ("Courts typically strike a balance in the range of three to eight years" for the temporal scope of discovery in employment discrimination cases involving similarly situated employees.)); *Stevenson v. Gen. Elec. Co.*, No. C-1-77-122, 1978 WL 150, at *1 (S.D.Ohio Oct. 4, 1978)(noting emergence of a "five-year rule"). Consequently, Plaintiff requests the Court order Defendant to produce the information and materials requested in Interrogatory Nos. 4-6, 8-10, 13, 14 and 17, as well as Request for Production Nos. 9-11 and 23, as specifically set out in the attached Designation of Specific Requests, Responses and Deficiencies.

**C. Other Complaints of Age Discrimination**

The Ninth Circuit has made clear that "evidence of [an employer's] prior acts of

discrimination [are] relevant to an employer's motive in discharging a plaintiff." *Heyne*, 69 F.3d at 1480-81. As such, through discovery (i.e., Interrogatory Nos. 15-16, as well as Request for Production Nos. 6 and 8), Plaintiff requested Defendant provide information and materials related to other lawsuits and complaints age discrimination lodged against Defendant within the same Region as Plaintiff worked.

Defendant objected to the subject requests on grounds of overbreath, relevance and confidentiality. However, again, Defendant's objections lack merit. An employer's conduct tending to demonstrate hostility toward a particular group is both relevant and admissible. *Heyne*, 69 F.3d at 1479-80; *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990) ("As a general rule, the testimony of other employees about their treatment by the defendant [employer] is relevant to the issues of the employer's discriminatory intent.").

> In employment discrimination cases, evidence relating to the employer's treatment of employees similarly situated to the plaintiff is relevant for two reasons. First, such comparator evidence is relevant to prove that an employer discriminated against other employees and therefore had a discriminatory motive, that there was a pattern or practice of discrimination, or that the employer implemented policies that encouraged or permitted discrimination. Secondly, evidence that similarly situated employees were treated differently is relevant to establish that an employer's stated reasons for termination are pretextual.

*Paananen*, 2009 WL 3327227 at 5 (citing *Diaz v. Am Tel. & Tel.*, 752 F.2d 1356, 1362-63 (9th Cir. 1985) ("a discriminatory pattern is probative of motive and can therefore create an inference of discriminatory intent with respect to the individual employment decision at issue.")). Indeed, as the Court in *Acton* explained, pattern-or-practice evidence is discoverable when it relates to the substance of an employment lawsuit. *Acton*, 2009 WL 3380645, at *2.

Simply stated, Defendant's treatment of others over the age of forty can be evidence of its pattern of conduct toward a protected class, which can in turn create an inference that Defendant discriminated against individual members of the class. *See Fallis v. Kerr-McGee Corp.*, 944 F.2d 743, 746 (10th Cir. 1991). Evidence of a pattern of conduct raises a justiciable issue of material fact which must proceed to trial. *Greene v. Safeway Stores, Inc.*,

98 F.3d 554, 561 (10th Cir. 1996). "Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2nd 1990). Because employers rarely leave a paper trail --or "smoking gun"-- attesting to a discriminatory intent, disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. *See Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 464-65 (2nd Cir.1989)(citing cases); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1112 (2nd Cir.1988), Such determinations are, generally speaking, most competently and appropriately made by the trier of fact. So long as the plaintiff can present "solid circumstantial evidence" supporting his case, the plaintiff should have the opportunity to prove his case at trial. *See Clements v. County of Nassau*, 835 F.2d 1000, 1005 (2nd Cir.1987).

In *Byers v. Illinois State Police*, the Court found that the plaintiffs were entitled to the production of documents and information related to other acts of discrimination by the defendant because such information was relevant to establish pretext. 2002 WL 1264004, *9 (N.D. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973); *Phillip v. ANR Frieght Sys. Inc.*, 945 F.2d 1045, 1056 (8th Cir. 1991) (reversing district court's exclusion of other age discrimination complaints filed against defendant); *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (noting that employer's general practices were relevant even in disparate treatment cases)). "[I]t is well established that other claims of discrimination against a defendant are discoverable if limited to the (a) same form of discrimination, (b) the same department or agency where plaintiff worked, and (c) a reasonable time before and after the discrimination complained of. *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002). Hence, Plaintiff's discovery requests meet the test of relevance. This is particularly so in light of Plaintiff's willingness to limit

the scope of Plaintiff's request (i.e., from January 1, 2008 to December 14, 2011 within Region 200). Therefore, Plaintiff requests the Court order Defendant to produce the information and materials requested in Interrogatory Nos. 15-16, as well as Request for Production Nos. 6 and 8, as set out in the attached Designation of Specific Requests, Responses and Deficiencies.

Plaintiff has no other means available to retrieve this information. Information of internal complaints is solely in the hands of Defendant. And, Plaintiff cannot retrieve administrative filings through government agencies, like the EEOC, as such filings are deemed confidential. Moreover, Defendant's objection on grounds of "confidential[ity]" is undercut by the fact that the parties have entered an agreed protecive order. [Doc. No. 31]. And, Defendant's assertion of overbreadth is without merit, as Defendant has failed to substantiate the same. Thus, Plaintiff asks that the Court compel Defendant to produce the information.

**D. Documents Relating to Defendant's College Recruiting Efforts**

As explained above, Plaintiff's pattern-or-practice claim is premised on allegations that Defendant engaged in a strategic plan to employ younger individuals mirroring the younger customer base Defendant hoped to attract. And, significantly, a number of Defendant's upper-level managers have testified that Defendant began greatly expanding its college recruiting efforts beginning in or around 2005. *See* [Doc. No. 41, Section II(C)]. In light of this, through discovery (i.e., Request for Production Nos. 36-38, 40-41, and 64-65), Plaintiff requested Defendant to produce documents and materials relating to its college recruiting efforts, including, but not limited to the guidelines Defendant had in place relating to its college recruiting efforts and the publications it distributed relating thereto.

Defendant objected to the requests as being overbroad, unduly burdensome and irrelevant. However, Defendant's objections are unfounded. Plaintiff has filed this suit as a representative action, requesting nationwide conditional certification. And, numerous courts have held that other instances of discrimination (regardless of whether nor not said

instances can serve as the basis of a claim) are relevant and discoverable. *See Guthrey v. California Dept. Of Corrections and Rehabilitation*, 2012 WL 3249554, *8 (E.D. Cal. Aug. 7, 2010); *Burgess v. Wm. Bolthouse Farms, Inc.*, 2009 WL 3249554, *2 (E.D. Cal. Aug. 7, 2009).

In fact, in another age discrimination collective action brought against Defendant, *Lachney v. Target*, CIV-06-1389-HE, the plaintiffs (who were all constructively discharged, like the Plaintiff here) offered evidence of the increased recruiting efforts of Target in support of their pattern or practice allegations. And, the Court not only granted conditional certification, but denied decertification in light of the evidence presented therein. *See Exhibit 10, Lachney Orders.* Therefore, the requested information is clearly relevant. And, Defendant has failed to substantiate its objections based on overbreadth and undue burden. Hence, Plaintiff requests the Court order Defendant to produce the information and materials requested in Request for Production Nos. 36-38, 40-41, and 64-65, as set out in the attached Designation of Specific Requests, Responses and Deficiencies.

**E. Documents Relating to Defendant's Future Plans for Employees.**

Target's executives have testified that Target held various meetings, known by various names, but all of which revolved around or included discussions concerning the future of Target's employees, i.e., succession planning, and targeting employees for the process of elimination. *See* [Doc. No. 41, Section II(E)]. For instance, according to HR Business Partner ("HRBP) Brandon Corbin, corporate rolled out a new "best practice" in 2010 called "talent days." *Ex. 5, Corbin Tr., 70:14-73:22.* Succession planning was discussed quarterly during "talent day" meetings at the Regional office. *Ex. 6, Blankenship Tr., 78:14-81:12; 82:1-5.* "Contribution meetings" were also held where executives were required to present in writing their bottom two performers (those who "need[] attention") and their one top performer. *Ex. 6, Blankenship Tr., 94:13-97:15; Ex. 7, Hartfield Tr., 94:9-97:13, Ex. 8, Tyndall Tr., 56:5-21, 57:1-15.* And, significantly, according to Group Director Mike West, succession planning was addressed during the same meetings where Target's 70% college

recruitment guideline was discussed. *Ex. 9, West Tr., 31:9-2, 32:2-33:15.*

In light of the foregoing, through discovery (i.e., Request for Production Nos. 21, 45, 56-58, and 60-61), Plaintiff requested documents generated or stemming from the various meetings its executives held, discussing the future of its employees. Defendant objected to the subject requests on grounds of overbreadth, undue burden and relevance. However, Defendant's objections are ill-founded.

The subject requests are clearly relevant to Plaintiff's pattern-or-practice claim. No doubt the requested information could have a tendency to show that Defendant developed and engaged in an elaborate scheme to purge older employees from its workforce and replace them with, as current Executive VP Stores, Tina Schiel, said "new, young, fresh blood." *See* [Doc. No. 41, Ex. 4, Rojas Tr., 66:25-67:21]. And, because Plaintiff has filed this suit as a representative action, requesting nationwide conditional certification, Defendant's attempt to unilaterally limit the scope of the subject requests should not be allowed.

As noted above, Defendant requested its purported expert, Paul F. White, Ph.D., to "analyze Target's workforce data" *beyond the District level*, to include "store-level employees in Target's *Region 200 and Group 291*. Hence, Defendant has recognized that information and material extending beyond the District in which Plaintiff worked is relevant to the instant suit. And, because Defendant has failed to substantiate its overbreadth and undue burden objections, as it is required to do as the resisting party, Plaintiff requests the Court order Defendant to produce the information and materials requested in Request for Production Nos. 21, 45, 56-58, and 60-61, as set out in the attached Designation of Specific Requests, Responses and Deficiencies.

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff's Motion to Compel.

Respectfully submitted,

s/Shannon C. Haupt
LEONARD & ASSOCIATES, P.L.L.C.
JANA B. LEONARD, OBA # 17844
SHANNON C. HAUPT, OBA # 18922
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800 Telephone
(405) 239-3801 Facsimile
leonardjb@leonardlaw.net
haupts@leonardlaw.net

**CERTIFICATE OF SERVICE**

This is to certify that on this 14th day of August, 2013, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Electronic Mail Notice List: The following are those who are currently on the list to receive e-mail notices for this case.

Jana Beth Leonard leonardjb@leonardlaw.net, dorfflert@leonardlaw.net
Shannon C Haupt haupts@leonardlaw.net, dorfflert@leonardlaw.net
Chris R. Pace chris.pace@odnss.com
Patrick F. Hulla patrick.hulla@odnss.com
M. Katherine Paulus katherine.paulus@odnss.com
David Lawrence Schenburg david.schenberg@odnss.com
Tibor Nagy, Jr. tibor.nagy@ogletreedeakins.com

Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

(No manual recipients)

s/Shannon C. Haupt